# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: OZEMPIC (SEMAGLUTIDE) PATENT LITIGATION | MDL No.: 22-MD-3038 (CFC)<br>**ANDA CASE** |
| _____<br>NOVO NORDISK INC. and NOVO NORDISK A/S,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>Defendant. | C.A. No. 22-cv-1040 (CFC)<br>**ANDA CASE** |

## LETTER TO THE HONORABLE ELEANOR G. TENNYSON
## REGARDING REPLY EXPERT REPORTS

OF COUNSEL:
Shannon M. Bloodworth
Brandon M. White
Jonathan I. Tietz
PERKINS COIE LLP
700 13th Street NW, Suite 800
Washington, DC 20005
(202) 654-6200

OF COUNSEL:
David L. Anstaett
Emily J. Greb
Aaron E. Schindler
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460

OF COUNSEL:
Bryan D. Beel
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
(503) 727-2000

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for*
*Mylan Pharmaceuticals Inc.*

Dated: July 16, 2024

Dear Judge Tennyson:

  We write on behalf of Defendants concerning the proper scope of Plaintiffs' reply expert reports.[1] Reply reports are to be exchanged on July 16. Plaintiffs have stated that, contrary to the plain language of the Court's Scheduling Order (C.A. No. 22-294-CFC, D.I. 22) and Delaware practice, they intend to serve reply reports containing opinions on secondary considerations of non-obviousness. *See* L. Moran e-mail (Jun. 6, 2024) (Exhibit A); L. Moran e-mail (Jun. 19, 2024) (Exhibit B). Defendants ask that the Court make clear that expert discovery (aside from depositions) on secondary considerations is closed and Plaintiffs are not permitted to serve the disputed opinions in their reply reports. To the extent Plaintiffs serve reply reports on secondary considerations on July 16, Defendants ask that they be struck.[2] Alternatively, Defendants ask that they be allowed to serve surreply reports.

  Under Fed. R. Civ. P. 16, a party is required to adhere to the Court's scheduling and pretrial orders. *See* Fed. R. Civ. P. 16(f). Per the Scheduling Order, secondary considerations opinions are only to be served in the opening and rebuttal expert report rounds; reply expert reports are limited to subject matter on which the party has the burden of proof.[3] While Plaintiffs bear the initial burden of *production* on secondary considerations, Defendants always retain the ultimate burden of

---

[1] DRL and Sun join this letter only to the extent it implicates issues regarding the validity of U.S. Patent No. 8,129,343 asserted by Novo in this case.

[2] Because this discovery dispute conference is scheduled to take place a few days after reply reports are due, Defendants proposed delaying the reply report deadline until after the conference to mitigate the need for this remedy. Plaintiffs refused. Because no reply reports have actually been served as of the filing of this letter, an analysis of the *Pennypack* factors here is premature.

[3] Per the Scheduling Order, "Expert Reports. For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony, *including Plaintiffs' opinions on secondary considerations of nonobviousness*, is due on or before January 19, 2024. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party *including Defendants' opinions on secondary considerations of nonobviousness*, is due on or before March 1, 2024. Reply expert reports from the party with the initial burden of proof are due on or before April 5, 2024." 22-294-CFC D.I. 22 (emphasis added)) (amended by D.I. 236, D.I. 246, D.I. 290, D.I. 296); *see also* 22-1040-CFC, D.I. 53, amended by D.I. 158, D.I. 171, D.I. 178, D.I. 189, D.I. 206.

*persuasion* on obviousness—including when the obviousness inquiry involves secondary considerations. *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Pat. Litig.*, 676 F.3d 1063, 1078 & n.5 (Fed. Cir. 2012). As the *Cyclobenzaprine* court explained, in an obviousness inquiry the "burden of proof is placed on the party challenging validity" and does not "shift to the patentee at some point to prove nonobviousness." *Id*. at 1078. That is true even though "district courts will often impose a discovery obligation on patentees to be the first to produce evidence relating to objective considerations." *Id*. at 1078 n.5.

The Scheduling Order reflects this allocation of burdens by stating that the Plaintiffs submit opinions on secondary considerations in the opening round of reports, with Defendants permitted to respond to those opinions in their rebuttal reports. But once Defendants rebut those opening opinions, expert discovery (aside from depositions) on secondary considerations is closed. That conclusion is supported by the Scheduling Order's omission of any mention of "secondary considerations" in connection with reply reports. It is also supported by the parties' respective burdens. Plaintiffs are not entitled to the last word on an issue (obviousness) where Defendants have the ultimate burden of proof, just as Defendants are not entitled to the last word on infringement. Even if Plaintiffs had been required to produce secondary considerations evidence for the first time in their rebuttal invalidity reports, then Defendants would have had the last word on that topic in their invalidity reply reports. No matter how you slice it, Plaintiffs are not entitled to go last on invalidity.

The Scheduling Order is consistent with Delaware case law, which routinely recognizes that Defendants should have the last word on invalidity issues. *See, e.g.*, *TQ Delta LLC v. 2Wire, Inc.*, No. 13-1835 (Aug. 11, 2021), D.I. 1587 (where Plaintiffs served unauthorized surreply report on invalidity, Defendant was permitted to serve a sur-surreply to "alleviate any possible prejudice Defendant faces and give Defendant the last word on invalidity"); *Novartis Pharms. Corp. v. West-Ward Pharms. Int'l Ltd.*, No. 15-474 (Jun. 30, 2017), D.I. 72 at 1-2 (granting Defendant opportunity to submit reply reports because, "in the normal course," patent challenger "should have the last word" on invalidity); *cf. TQ Delta, LLC v. Adtran, Inc.*, No. 14-954 (Aug. 18, 2023), D.I. 1466 at 11-12 (Plaintiff should have last word on infringement expert reports based on burden of proof).

Plaintiffs claim their prior dealings with one of the Defendants in this case (Mylan) in *Novo Nordisk Inc. v. Mylan Institutional LLC*, No. 19-1551 (D. Del., dismissed Apr. 6, 2021), implies that Plaintiffs are permitted to submit reply opinions on secondary considerations here. *See* L. Moran e-mail (Jun. 6, 2024) (Exhibit A). Even though Plaintiffs submitted reply reports on secondary

considerations in that case, that hardly authorizes their submission here. The Scheduling Order language in this case was agreed to, and entered, *before Mylan joined the litigation*.[4] So, any earlier, one-off interaction between Novo and Mylan in a *different* case cannot affect a reading of the Scheduling Order agreed to by the original Defendants in *this* case. To the extent Plaintiffs contend that Mylan's purported acquiescence to reply reports in the earlier case binds the entire joint defense group here, and establishes the correct reading of this Scheduling Order, Plaintiffs are wrong. There are many reasons a party may or may not choose to move to strike or exclude reply opinions, and different mechanisms and timing for doing so. Indeed, the *Novo Nordisk* case settled not long after the reply reports were filed. And Plaintiffs have cited no authority for the proposition that choices made in one litigation establish a binding course of dealing or common understanding in later litigations, especially when different parties are involved. Therefore, Plaintiffs' reliance on *Novo Nordisk* is misplaced.

Defendants respectfully request that the Court make clear that Plaintiffs are not permitted to include secondary considerations expert opinions in their reply reports, and to strike such opinions if they are included. However, should the Court permit Plaintiffs' reply opinions at issue, Defendants respectfully request permission to submit surreply reports limited to addressing those opinions so that Defendants may have the last word on obviousness, consistent with the rules, burden of proof, and court decisions interpreting them.

Respectfully Submitted,

*/s/ Stamatios Stamoulis*

Stamatios Stamoulis (#4606)

cc: All Counsel of Record (via email)

---

[4] The Scheduling Order was entered on June 30, 2022. *See* C.A. No. 22-294-CFC (D.I. 22). Mylan was joined with the rest of Defendants on August 5, 2022. *See* C.A. No. 22-294-CFC (D.I. 49).

## CERTIFICATION REGARDING TYPEFACE REQUIREMENTS

The undersigned hereby certifies that the foregoing letter complies with the Court's November 10, 2022, Standing Order Regarding Briefing in All Cases. It has been prepared in 14-point Times New Roman font.